YELVERTON, Judge.
The issue presented by this appeal is whether the Louisiana Worker’s Compensation Second Injury Board abused its discretion in refusing to extend the filing period for filing a claim for reimbursement of benefits pursuant to R.S. 23:1378(B).
The petitioner, Willamette Industries, Inc., was the employer of Morris G. Williams, who worked in the petitioner’s Natchitoches mill. Williams injured his spine for the first time in November 1977, an injury which occurred in the course and scope of his employment. After his recovery he went back to work for plaintiff. On April 22, 1983, he suffered another on-the-job injury to his spine. Following the second injury, surgery had to be performed because of a herniated intervertebral disc.
Compensation benefits, as a result of the second injury, were commenced on August 2, 1983. In May 1985, petitioner filed a claim with the Second Injury Board to obtain reimbursement from the Second Injury Fund. The claim was not filed within 52 weeks after the first payment of disability benefits as provided for by R.S. 23:1378(B). A hearing was held before the Board on July 11, 1985. The sole issue before the Board at that hearing was whether the claim was timely filed, and if not, whether the board would extend the filing time be *1157 yond 52 weeks. The Board determined that the claim was untimely filed and decided not to extend the filing period. For these reasons petitioner’s claim for reimbursement was denied.
The plaintiff appealed the Board’s decision pursuant to R.S. 23:1378(E), and a hearing was held in the Tenth Judicial District Court on January 14, 1986. The trial court determined that the Board abused its discretion in not allowing an extension of time, and found that the plaintiff was entitled to reimbursement. The defendant appealed the trial court decision to this court.
R.S. 23:1378(B) states as follows:
B. The employer or his insurer, whichever of them makes the payments or becomes liable, shall, within fifty-two weeks after the first payment of weekly compensation or death benefits, notify the board in writing of such facts and furnish such other information as may be required by the board to determine if the employer or his insurer is qualified for reimbursement from the worker’s compensation second injury fund. Upon proper showing, the board may extend the filing period provided under the provisions of this Subsection. (Emphasis added.)
Under this statutory provision, in order to be entitled to reimbursement under the Second Injury Fund, the employer or insurer must notify the Board within 52 weeks after first payment of compensation benefits, and furnish information to support the claim. See W. Malone & A. Johnson, Louisiana Worker’s Compensation Law and Practice § 234 in 13 Louisiana Civil Law Treatise 505 (2nd Ed.1980). The Board is given discretion to extend the filing period, but only after the party seeking the extension has made a proper showing of facts which would warrant an extension.
In the present case the petitioners notified the Board one year and nine months after the first payment of weekly compensation benefits. At the hearing before the Board the facts showed that Morris Williams was injured on April 22, 1983, and plaintiff began paying weekly benefits on August 2, 1983. Plaintiff was also aware of the pre-existing disability prior to the subsequent injury. At the hearing plaintiff contended that the filing period should be extended due to the fact that this case “falls clearly in the ambit of the Second Injury Fund in all respects.” At the hearing in district court the plaintiff’s only excuse for not filing within the 52-week period was that plaintiff’s safety director who was in charge of the Workmen’s Compensation claims was not familiar with the procedures of the Second Injury Fund.
We do not find that either of these showings warranted an extension of time under R.S. 23:1378(B). The Legislature did not intend “[ujpon proper showing” to mean a showing that plaintiff would have had a meritorious claim if filed timely. We interpret “[ujpon proper showing” to mean that plaintiff must offer a reasonable showing of facts which would excuse the plaintiff’s untimely filing, such as the applicant’s lack of knowledge of the first injury. In the present case plaintiff showed merely that its safety director was not familiar with the proper procedures for obtaining reimbursements under the Second Injury Fund. Under these facts we cannot say that the Second Injury Fund Board abused its discretion in failing to regard this as a proper showing.
We recognize the appellee’s sound argument that the purpose of the Second Injury Fund Statute is to encourage the employment of physically-handicapped employees, and that the protection of employers and insurers from excess liability for worker’s compensation for disability from subsequent injuries furthers that purpose. La. R.S. 23:1371. However, the Board has the responsibility for maintaining the fund resources calculated upon receipt and disbursements on a calendar-year basis, in accordance with accounting levels mandated by La.R.S. 23:1377. Charles Sommers, Deputy Director of the Board, testified at the trial court level that the acceptance of claims for reimbursement filed more than a year (in this case nearly two years) after the payments began, would make it difficult for the Board to maintain the balances statutorily required. Although the Board *1158 merely applied the statutory requirements that the claim for reimbursement be filed within fifty-two weeks at the administrative level, the evidence presented at the trial court level showed that the Board was also motivated in its decision by its fiscal responsibilities. The appellee has not shown any abuse of the Board’s discretion.
For these reasons the judgment of the trial court is reversed and set aside and the decision of the State of Louisiana, Worker’s Compensation Second Injury Board is reinstated denying Willamette Industries, Inc.’s claim for reimbursement. All costs of these proceedings and the proceedings in lower court are to be paid by Willamette Industries.
REVERSED AND RENDERED.